```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HAROLD R. BERK                      :
                                    :
                 v.                 :     CIVIL ACTION
                                    :     No. 06-CV-0005
RONALD A. SHELLAN and               :
MILLER NASH, LLP                    :
                                    :
```

### MEMORANDUM AND ORDER

**JOYNER, J.**                                                **APRIL 27, 2006**

Presently before the court is Defendants' Motion to Dismiss or in the alternative to Change Venue and Plaintiff's opposition thereto. For the reasons set forth below, the Defendant's Motion is **DENIED in PART** and **GRANTED in PART**.

### Background

On August 24, 2005, the plaintiff initiated an action for libel and intentional interference of emotional harm arising from publication by the defendants of an article of and concerning the plaintiff allegedly falsely demeaning his professional competence. The action was originally filed in the Court of Common Pleas of Philadelphia County pursuant to the Pennsylvania long-arm statute, 42 Pa. C.S.A. § 5322 and removed to this court based upon diversity jurisdiction. The plaintiff is a resident of Pennsylvania and the defendants reside and are located in Oregon.

The defendants assert that this court lacks personal jurisdiction over the defendants.  The defendants argue that they do not have the requisite "minimum contacts" pursuant to the Pennsylvania long-arm statute, and that maintenance of the action in this court would offend the traditional notions of fair play and substantial justice.  As an alternative to their motion to dismiss, the defendants move for a change of venue to the District of Oregon.  Moreover, the defendants assert that the plaintiff has not properly served them.

## Discussion

**I. Motion for Change of Venue**

Where a defendant has challenged a court's power over his person and, at the same time, has moved alternatively for transfer, the interests of judicial economy are best served by initial address of the transfer issue.  Lomanno v. Black, 285 F. Supp. 2d 637 (E.D. Pa. 2003).  When a party brings a 28 U.S.C. §1404(a) motion to transfer, the burden is on the moving party to establish that a balancing of proper interests weigh in favor of a transfer.  Id. The moving party must show that (1) the case could have been brought initially in the proposed transferee forum, (2) that forum is more convenient for the parties and witnesses and (3) that the proposed transfer will be in the interest of justice.  Only when this balancing weighs strongly in

favor of the defendant should transfer be granted.  The plaintiff's choice of forum is a paramount consideration and should not be "lightly disturbed."  The decision to grant a motion for change of venue is within the discretion of the court, however, these motions should not be granted liberally.  See Delage Landen Fin. Servs. v. Desoto Diagnostic Imaging, 2002 U.S. Dist. LEXIS 24744 (E.D. Pa. 2002).

    Here, as the defendants have shown, the action could have been brought in Oregon pursuant to 28 U.S.C. §1391(a)(1).  The plaintiff does not argue that Oregon would be an improper venue, but rather inconvenient.  As such, where the parties do not contest that venue would be proper in an alternative forum, the motion to transfer is properly analyzed as forum non conveniens.  Landmark Building System v. Whiting-Turner Contracting Company, 2003 U.S. Dist. Lexis 7648 (E.D. Pa. 2003).

    In Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995),the Third Circuit set out certain public and private factors that must be considered in determining if the transferee forum is more convenient or if a transfer would be in the interest of justice.  The private interests which courts should consider include the plaintiff's original choice of forum, the defendant's forum preference, whether the claim arose in another location, convenience of the parties, convenience of potential witnesses, but only if they will be unavailable in one of the

fora, and location of the books and records, again only to the extent such documents cannot be produced in an alternate forum. Id. at 879.  The public interests include the enforceability of the judgment, trial efficacy, potential administrative difficulties relating to court congestion, the local interest in deciding the particular controversy, the public policies of the fora and the familiarity of the trial judge with the applicable state law in diversity cases.  Id. at 879-80. See Also Delage, 2002 U.S. Dist. LEXIS 24744 at 12.

Here the defendants have not shown that the District of Oregon would provide a more convenient forum for the parties or that it would be in the interest of justice to grant such a transfer.  The defendants argue that the plaintiff's choice is burdensome upon them because it would be difficult to transport the evidence and witnesses to the Eastern District of Pennsylvania. (Def.'s Mot. Dismiss ¶¶ 29-30).  However, the defendants do not make the argument that it would be impossible to produce its evidence or witnesses in this District.  All of the defendants' witnesses would not have to be physically present at trial, provided the defense deposed or transcribed their testimony.  Delage, 2002 U.S. Dist. LEXIS 24744 at 16.

Furthermore, the defendants do not advance any public policy concerns that would be best served by transferring this case to the District of Oregon.  The arguments of inconvenience the

defendants put forth are insufficient to overcome the deference which must be afforded to a plaintiff's choice of forum. Accordingly, Defendants' Motion for Change of Venue in the alternative is **DENIED**.

**II. Motion to Dismiss**

A. Improper Service of Process

The defendants have filed two separate motions to dismiss the present action.  We will first consider the Rule 12(b)(5) motion to dismiss for failure to effectuate proper service of original process on the defendants.

Federal Rule of Civil Procedure 4(e)(1) states in short that service upon an individual from whom a waiver has not been obtained, and who is not incompetent or an infant, may be effected within a judicial district pursuant to the law of the state in which the district court is located.  The relevant law here is the Pennsylvania long-arm statute, 42 Pa. C.S.A. §5322(b), which allows for personal jurisdiction over non-residents by Pennsylvania courts to the fullest extent allowed under the Constitution.  As both the plaintiff and the defendants note, plaintiff served both the attorney he believed to represent the defendants as well as the defendants themselves by mail at their place of business.

According to Pa. R.C.P. 404, a defendant may be served outside the Commonwealth of Pennsylvania by a competent adult in

a manner provided by Pa. R.C.P. 402(a) or by mail in a manner provided by Pa. R.C.P. 403. Pa. R.C.P. 403 provides that a copy of the process may be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Under Rule 402(a)(2)(iii), original process may be served by handing a copy at any office or usual place of business of the defendant to his agent or the person in charge at the time.

The plaintiff has properly served the defendants in accordance with these rules by mailing a copy of the process to the defendants at their place of business by FedEx mail and upon their mail clerk who is authorized to accept such mail on their behalf.  For this reason, Defendants' Motion to Dismiss pursuant to Rule 12(b)(5) is **DENIED.**


B. Lack of Personal Jurisdiction

The defendants have also moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2) arguing that this Court does not have personal jurisdiction over the defendants.

In deciding a motion to dismiss for lack of personal jurisdiction, a court generally must accept as true all allegations of the complaint.  However, the plaintiff bears the burden of proving, by affidavits or other competent evidence that the court has proper jurisdiction.  <u>William Rosenstein & Sons, Co. v. BBI Produce, Inc.</u>, 123 F. Supp. 2d 268, 270 (E.D. Pa.

2000).

As established above, the Pennsylvania long-arm statute permits jurisdiction over non-residents to the extent permissible under the Constitution, in particular the Due Process Clause of the Fourteenth Amendment.  The Due Process Clause allows the exercise of personal jurisdiction over a defendant only if the defendant has certain "minimum contacts" with the state in which the court sits, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Minimum contacts can be formed only by "some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

There are two types of personal jurisdiction: specific jurisdiction, where the cause of action arises from the defendant's contact with the forum; and general jurisdiction, where the defendant's contacts with the forum, though not related to the cause of action, are nevertheless "continuous and systematic."  Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408 (1984). In their motion to dismiss, defendants argue that neither type of personal jurisdiction exists here (Def.'s Mot. Dismiss ¶¶ 7-26). The plaintiff, in turn, asserts

only specific jurisdiction.

The Third Circuit has set forth a two-pronged test for determining the existence of specific jurisdiction consistent with due process: (1) the plaintiff must establish that the defendant has the requisite "minimum contacts" with the forum and (2) the court must determine if the exercise of jurisdiction would comport with "traditional notions of fair play and substantial justice." Imo Industries, Inc. v. Kiekert AG, 155 F. 3d 254, 259 (3d Cir. 1998).

In this case, the plaintiff asserts that this court has jurisdiction over the defendants because the article written by the defendants was published in a journal that is distributed nationwide, including the State of Pennsylvania.  The third party publication of an article written by the defendant does not provide the minimum contacts required for due process.  In judging minimum contacts, a court properly focuses on "the relationship among the defendant, the forum, and the litigation." Calder v. Jones, 465 U.S. 783, 788 (1984).  In the instant case, the defendants do not conduct nor do they have any business, residence or other property located in the state of Pennsylvania. Furthermore, the one time publication of this article by a third party publishing company cannot be said to amount to a purposeful availment of the privilege of conducting activities within Pennsylvania, thus invoking the benefits and protections of its

laws such that the defendants could have reasonably expected to be haled into court in Pennsylvania.  The unilateral activities of third parties cannot constitute a basis for jurisdiction.  See Hanson v. Denckla, 357 U.S. 235, 253 (1958).

However, under 42 Pa. C.S.A. § 5322(a)(4), personal jurisdiction may also extend to one who causes harm or tortious injury in Pennsylvania by an act or omission outside of Pennsylvania.  In Calder, supra, the Supreme Court held that a court may exercise personal jurisdiction over a nonresident defendant who commits an intentional tort by certain acts outside the forum which have a particular type of effect upon the plaintiff within the forum.  See Carteret Savings Bank, 954 F.2d 141, 148 (3rd Cir. 1992).

Because this action is one of an intentional tort, this court must consider the "effects" test set out in Calder and under 42 Pa. C.S.A. § 5322(a)(4).  The Third Circuit has interpreted the "effects" test as having three components that a plaintiff must satisfy to establish the defendant's minimum contacts with the forum.  The plaintiff must show: (1) the defendant committed an intentional tort; (2) the brunt of the harm was felt in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; and (3) the defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the

9

focal point of the tortious activity.  Imo, 155 F.3d 254, 265-266 (3d Cir. 1998).

Here the plaintiff has not satisfied the Calder "effects" test.  The plaintiff has not put forth sufficient evidence to satisfy the third prong of the test. Nothing in the evidence shows that the defendants, in writing the article and having it published, expressly aimed tortious conduct at Pennsylvania to the extent that Pennsylvania can be said to be the focal point of the tortious activity.

In Calder, the court held that the defendants had expressly aimed their tortious or harmful conduct at the forum by writing and editing an article they knew would have a potentially devastating impact upon the respondent in that case.  Calder, 465 U.S. at 789.  The respondent was actress Shirley Jones; the article was written about her and expressly impugned her credibility as an actress[1].  The court held that it is under such circumstances, where defendants have knowingly caused injury in a state with which they have no contact, that defendants can reasonably expect to be haled in to court in that state.  Calder, 465 U.S. at 790.  Such circumstances do not exist in the present action.

In contrast to Calder, the article in question here is not

---

[1]The article stated that she drank excessively and was unable to fulfill professional obligations due to her excessive drinking. Calder, 465 U.S. 783, 789 at n9.

about the plaintiff in any capacity.  The defendant has made a general statement, allegedly misinterpreting a writing of the plaintiff, and cited to the writing in a footnote with the plaintiff's name attached.  The plaintiff has not demonstrated through its evidence that the defendants, in writing the article and having it published, expressly aimed their conduct at Pennsylvania knowing the devastating impact it would have on the plaintiff.  This court will not assume that the defendants have done so.  Indeed, in Imo, 155 F. 3d 254, the Third Circuit held that in order to satisfy the third prong of the Calder "effects" test, a plaintiff must point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum.  The plaintiff has not done so here and accordingly, Defendants' Motion to Dismiss pursuant to Rule 12(b)(2) must be **GRANTED.**

**III. Interest of Justice**

However, we do find that this action is properly transferred to the District of Oregon under 28 U.S.C. §1391 as it is clearly a forum in which this action could have originally been brought. Section 1391(a) provides, in relevant part, that a civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State.

The court has the authority to transfer this motion pursuant

11

to 28 U.S.C §1631 in the interest of justice.  Section 1631 states that whenever a civil action is filed in a court and the court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action to any other such court in which the action could have been brought at the time its was filed.  See, Jaffe v. Julien, 754 F. Supp. 49, 53 (E.D. Pa. 1991).

    The interest here pertains to the statute of limitations on the plaintiff's claim. Under the Oregon Revised Statute §12.120, an action for libel or slander shall be commenced within one year.  This action could have been brought in the District of Oregon at the time that it was filed; were it to be filed in that district now, it would most likely be barred.  We therefore find that it would be in the interest of justice not to allow plaintiff's viable claim to be dismissed and to potentially bar the plaintiff from bringing suit in any other appropriate forum. McMahon v. WBTM, Inc., 1991 U.S. Dist. LEXIS 17745 (E.D. Pa. 1991).  See Also, AT, Inc. v. U.S. 24 F. Supp. 2d 399 (M.D. Pa. 1998).  For this reason, we shall transfer this case to the U.S. District Court for the District of Oregon.

    An Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
HAROLD K. BERK            : CIVIL ACTION
     vs.                  :
RONALD A. SHELLAN and     :
MILLER NASH, LLP          : NO. 06-CV-0005
```

### ORDER

AND NOW, this  27th  day of April, 2006, upon consideration of Defendants' Motion to Dismiss or in the Alternative, for Change of Venue and Plaintiff's Response thereto, it is hereby ORDERED that:

1. Defendants' Motion for Change of Venue is DENIED;

2. Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(5) is DENIED;

3. Defendants' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) is GRANTED; and

4. The above-captioned matter is TRANSFERRED to the United States District Court for the District of Oregon.

BY THE COURT:

s/J. Curtis Joyner
J. CURTIS JOYNER,      J.